UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mj-8634-RMM

UNITED STATES

v.

ANTONIO DANIEL LANG,

    Defendants.

_____/

FILED BY ____SP____ D.C.
Nov 26, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?   No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?   No.

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?   No.

4. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024?   No.

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

By:    /s/ Jonathan Bailyn
    Jonathan Bailyn
    Jonathan R. Bailyn, AUSA
    Court ID No. A5502602
    500 South Australian Ave, 4th Floor
    West Palm Beach, Florida 33401
    Phone: (561) 209-1050
    jonathan.bailyn@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>ANTONIO DANIEL LANG,<br><br>*Defendant(s)* | Case No.  24-mj-8634-RMM |

FILED BY ___SP___ D.C.
Nov 26, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 25, 2024__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| ~~18 U.S.C. § 2237~~ | ~~Failure to Heave~~  *No P.C. on this charge. RM* |
| 8 U.S.C. § 1326(a) | Illegally Re-Entering the United States After Prior Deportation |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Christopher Whitehurst*
Complainant's signature

Christopher Whitehurst, Special Agent, HSI
Printed name and title

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time.

Date: 11/26/24

Judge's signature

City and state:   West Palm Beach, Florida        Ryon M. McCabe, United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

Your affiant, Christopher Whitehurst, first being duly sworn, does herby depose and state as follows:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI) assigned to the office of the Assistant Special Agent in Charge, West Palm Beach, Florida, and have been so employed by HSI since April of 2024. I have successfully completed the Criminal Investigator Training Program and HSI Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia. Among my responsibilities as a HSI Special Agent, I am trained and empowered to investigate crimes against the United States, arising under Titles 8, 18, 19, 21 and 31 of the United States Code.

2. The facts set forth in this affidavit are based on my own personal knowledge, and information obtained in this investigation from others, including other law enforcement officers, Because this affidavit is being submitted for the limited purpose of establishing probable cause to support a Criminal Complaint, I have not included every fact known to me and law enforcement concerning this investigation, but have set forth only those facts necessary to establish probable cause to believe that on or about November 25, 2024: **Antonio Daniel LAING**, a citizen and national of the Bahamas, committed the offense of Attempting to Illegally Re-Enter the United States after Deportation or Removal, in violation of 8 U.S.C. § 1326(a), and Failure to Heave, in violation of 18 U.S.C. § 2237.

## PROBABLE CAUSE

3. On or about November 25, 2024, at approximately 5:45 pm, the Palm Beach County Sheriff's Office (PBSO) land-based radar detected a west bound target of interest (TOI) approximately 10 miles east of the Boynton Inlet, located in Palm Beach County Florida. The TOI was headed west towards the inlet. PBSO launched Eagle, a PBSO helicopter, to locate the target while a PBSO vessel was sent to intercept the target.

4. The PBSO Eagle located the TOI as it was heading east exiting the Boynton Inlet, without any running lights on, with one person on board. The PBSO Eagle placed its spotlight on the TOI and a PBSO vessel moved to intercept the TOI with lights and sirens. The TOI began accelerating and taking evasive maneuvers. The suspect vessel then turned westbound, back towards land. The suspect vessel continued driving at a high rate of speed and making evasive maneuvers. The PBSO vessel deployed one munition assisted signal in front of the TOI, which caused the driver of the TOI to stop.

5. The driver of the TOI was taken into custody by PBSO and later identified as LAING. The vessel was identified as a 25-foot Whitewater center console with twin 200 Yamaha outboard engines, bearing Bahamas Registration Number GB0629. LAING was turned over to the U.S. Border Patrol pending the investigation.

6. LAING is a citizen of the Bahamas. He was previously ordered removed twice from the United States on or about October 31, 2023, and April 23, 2024. He did not have permission to come to or enter the United States legally.

7. On November 26, 2024, HSI Special Agents interviewed LAING at the U.S. Border Patrol Station located in Riviera Beach, Florida. The interview was electronically recorded for audio and video. LAING waived his *Miranda* rights and elected to speak with the interviewing agents.

8. LAING admitted that he had previously been deported and did not have permission reenter the United States. LAING said when he saw the police helicopter and police boat he attempted to flee, and he only stopped after a munition round was fired in the direction of his vessel.

## CONCLUSION

9. Based on the foregoing facts, I submit that probable cause exists that **Antonio Daniel LAING** committed the offense of Attempting to Illegally Re-Enter the United States after Deportation or Removal, in violation of 8 U.S.C. § 1326(a), and Failure to Heave, in violation of 18 U.S.C. § 2237.

**FURTHER AFFIANT SAYETH NAUGHT**

*Christopher Whitehurst*
CHRISTOPHER WHITEHURST, SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Attested to in accordance with the
requirements of Fed. R. Crim. P. 4.1.
by FaceTime, this 26 day of November 2024.

RYON M. McCABE
UNITED STATE MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 24-mj-8634-RMM

### BOND RECOMMENDATION

DEFENDANT: ANTONIO DANIEL LAING

Pre-Trial Detention
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: Jonathan Bailyn
AUSA: Jonathan Bailyn

Last Known Address: _____

What Facility: Palm Beach County Jail

Agent(s): HSI SA Christopher Whitehurst
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE) (**OTHER**)